UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRIENDS OF THE EARTH<br>1101 15th Street, N.W.<br>Washington, D.C. 20005,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR,<br>1849 C. Street, N.W<br>Washington, DC 20240,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   Civ No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552

et seq., to compel the Department of the Interior ("DOI") to release records concerning a review

by the Secretary of Interior, Ryan Zinke, of decisions by past Presidents proclaiming public lands

to be national monuments under the Antiquities Act, 54 U.S.C. §§ 320301-320303. The records

include materials concerning the involvement in that review by both Secretary Zinke and James

Cason, DOI's Associate Deputy Secretary, who has a long history of lobbying for and working

on behalf of the oil, gas, coal, and mining corporations that want to extract natural resources

from the public lands included in the national monuments. Plaintiff Friends of the Earth ("FOE")

has been trying for several months to obtain access to the requested records, which they believe

will shed much needed public light on Secretary Zinke's recently announced recommendations

that President Trump reduce the size of several national monuments and modify the designations

of others—thereby opening these lands to the extractive industries. DOI, however, has failed

even to process FOE's requests—i.e., it has failed to provide any of the requested records or to

inform FOE that such records are exempt under one of the nine exemptions to FOIA—in

violation of the statutory deadlines mandated by FOIA.

## JURISDICTION

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5

U.S.C. § 552(a)(4)(B).

## PARTIES

3.      Plaintiff FOE is a non-profit organization headquartered in Washington, D.C. For

more than forty years it has championed the causes of a clean and sustainable environment,

protection of the nation's public lands, and the exposure of political malfeasance and corporate

greed. FOE is the requester of the records at issue.

4.      Defendant DOI is a federal agency with possession of the records at issue.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS

**A.      The Antiquities Act and President Trump's Efforts to Rescind or Modify
National Monument Proclamations**

5.      The Antiquities Act, 54 U.S.C. §§ 320301-320303, authorizes the President of the

United States in his discretion to "declare by public proclamation historic landmarks, historic and

prehistoric structures, and other objects of historic or scientific interest that are situated on land

owned or controlled by the Federal Government to be national monuments." *Id.* § 320301(a).

With certain exceptions, the designation of public land as a national monument closes such land

to extractive uses and certain other forms of development.

6.      In recent history, Presidents have increasingly utilized their discretion under the

Antiquities Act to protect large swaths of federal land based on the fact that ecosystems

themselves constitute "objects of . . . scientific interest," which require broad-spectrum land designations to ensure their "proper care and management" within the meaning of the Antiquities Act, 54 U.S.C. § 320301(a), (b). The Supreme Court has consistently upheld the President's broad discretion to use the Antiquities Act to protect large, natural objects of "scientific interest" such as ecosystems. *See Cappaert v. United States*, 426 U.S. 128, 141–42 (1978); *see also Cameron v. United States*, 252 U.S. 450 (1920).

7.        Since 1976, when Congress enacted the Federal Land Policy and Management Act, which provides for the *retention* of all federal public lands, 43 U.S.C. § 1701, no President has ever sought to rescind or reduce another President's national monument designation, nor is it at all clear that Presidents even have such authority.

8.        On April 26, 2017, President Trump issued Executive Order 13,792, entitled "Review of Designations Under the Antiquities Act." The Executive Order directed Secretary Zinke to "conduct a review of all Presidential designations or expansions of designations under the Antiquities Act made since January 1, 1996, where the designation covers more than 100,000 acres, where the designation after expansion covers more than 100,000 acres, or where the Secretary determines that the designation or expansion was made without adequate public outreach and coordination with relevant stakeholders," to determine whether each such designation or expansion should be rescinded or modified. Exec. Order No. 13,792, 82 Fed. Reg. 20,429, 20,429 (April 26, 2017).

9.        In response to the Executive Order, Secretary Zinke toured many of the national monuments and met with stakeholders—predominantly oil and drilling executives with vested economic interests in having monument designations rescinded or modified.

10.     In September 2017, the Washington Post published a copy of a report of Secretary Zinke's review conducted pursuant to Executive Order 13,792. That report recommends that the President reduce the size of several national monuments, including Bears Ears in southeastern Utah, the Grand Staircase-Escalante in southern Utah, Gold Butte in Nevada, and Cascade-Siskiyou in southern Oregon, as well as possibly two pacific ocean marine monuments—the Pacific Remote Islands and Rose Atoll. The report also recommends that President Trump amend the proclamations for ten additional monuments to allow for commercial activities that had previously been restricted in those areas, such as logging, grazing, and mining.

11.     Although to date President Trump has not yet acted on these recommendations, he has reportedly advised Senator Orrin Hatch of Utah that he intends to approve the Bears Ears recommendation. Thomas Burr & Brian Maffly, *Trump Headed to Utah in December with Plans to Shrink Bears Ears and Grand Staircase*, Salt Lake Tribune (Oct. 27, 2017).

## B.     The Freedom of Information Act

12.     "The basic purpose of FOIA is to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989) (citations omitted).  FOIA was enacted to "permit access to official information long shielded unnecessarily from public view" by creating a "right to secure such information from possibly unwilling official hands." *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976) (citation omitted). "[D]isclosure, not secrecy, is the dominant objective of the Act." *John Doe*, 493 U.S. at 152 (citation omitted).

13.     FOIA requires agencies of the federal government to conduct a reasonable search for requested records and to release them to a requester, unless one of nine specific statutory exemptions applies to the requested information.  5 U.S.C. § 552(a)(3), (b).

14.     FOIA requires federal agencies to release all non-exempt segregable information that is requested.  *Id.* § 552(b).

15.     Upon receiving a FOIA request, an agency has twenty working days to respond, *id.* § 552(a)(6)(A)(i), and twenty working days to respond to any appeal of its determination, *id* § 552(a)(6)(A)(ii).

16.     A requester has exhausted administrative remedies "if the agency fails to comply with" either twenty-day deadline.  *Id.* § 552(a)(6)(C)(i). In that event, FOIA authorizes the requester to invoke the jurisdiction of a federal court to obtain the requested records.  *Id.* § 552(a)(4)(B).

**C.     FOE's FOIA Requests**

17.     For the last three months, FOE has attempted to obtain access to records concerning Secretary Zinke's review of the national monument designations in an effort to educate the public about factors that have influenced Secretary Zinke's recommendations on the national monuments and to shine the light of public scrutiny on President Trump's forthcoming decisions regarding those recommendations. To date, DOI has not provided FOE with any of the requested records despite the fact that DOI has granted FOE "expedited" processing of its broadest request for such records and has also granted FOE's request for a waiver of the fees associated with processing most of these requests.

### 1.    Requests Concerning James Cason

18.    On August 7, 2017, FOE requested access to "[a]ll communications and meetings involving Mr. James Cason regarding review of any of these five National Monuments: Bears Ears, Gold Butte, Katahdin Woods and Waters, Mojave Trails, and Northeast Canyons and Seamounts." Although DOI has granted FOE expedited processing for that request, and also granted FOE a fee waiver, to date it has not provided any of the requested information to FOE. DOI has designated this request as: OS-2017-01022.

19.    On September 5, 2017, FOE submitted separate requests for records, expenses, notes, and other materials related to James Cason's participation in Secretary Zinke's review of: (1) Northeast Canyons and Seamounts National Monument (OS-2017-01149); (2) Bears Ears National Monument (OS-2017-01146); (3) Katahdin Woods and Waters National Monument (OS-2017-01148); (4) Mojave Trails National Monument; and (5) Gold Butte National Monument. Although the time for responding to these requests has long since expired, to date the agency has not provided FOE any of these requested records.

20.    On September 5, 2017, FOE also submitted a FOIA request for records related to James Cason's application and hiring, including his curriculum vitae and information concerning his prior employment. DOI has designated this request as: OS-2017-01159. Although DOI granted FOE a fee waiver for this request, to date the agency has not provided FOE with any of the requested information.

21.    On September 7, 2017, FOE requested access to records, expenses, notes, and other materials related to James Cason's participation in Secretary Zinke's review of the Giant Sequoia National Monument. DOI has designated this request as: OS-2017-01168. Although the deadline for responding has passed, DOI has not provided FOE any of the requested records. By

separate request also dated September 7, 2017, FOE requested access to records concerning Mr.

Cason's ethics agreements, recusal agreements, ethics waivers, and a list of Mr. Cason's former

clients when he was Executive Vice President and Principal of Energy and Alternative Energy at

Kelly, Anderson & Associates, Inc. That request has been assigned the tracking no. SOL-2017-

00206. Although DOI granted FOE's request for a fee waiver, it has not provided FOE any of the

requested records.

### 2.    Requests Concerning Secretary Zinke

22.    On September 7, 2017, FOE submitted several FOIA requests to DOI concerning

Secretary Zinke's review of national monuments. These included requests for (1) records of

activities, expenses, notes, and other materials concerning Secretary Zinke's review of Gold

Butte National Monument (OS-2017-01170); (2) records, expenses, notes, and other materials

related to Secretary Zinke's review of Giant Sequoia National Monument (OS-2017-01169); (3)

records of activities, expenses, notes, and other materials related to Secretary Zinke's review of

Bears Ears National Monument (OS-2017-01167); (4) records of activities, expenses, notes, and

other materials related to Secretary Zinke's review of Northeast Canyons National Monument

(OS-2017-01173); (5) records of activities, expenses, notes, and other materials related to

Secretary Zinke's review of Mojave Trails National Monument (OS-2017-01172); and (6)

records of activities, expenses, notes, and other materials related to Secretary Zinke's review of

Katahdin Woods and Waters National Monument (OS-2017-01171).

23.    For each of the requests identified in paragraph 22, DOI granted FOE a fee

waiver. However, although the statutory deadline has expired for providing a substantive

response to FOE, DOI has not provided any such response regarding any of these FOIA requests.

24.     Although the statutory deadlines have expired for responding to FOE's FOIA requests described in this complaint, DOI has not provided FOE with any information in response to these requests

## PLAINTIFF'S CLAIMS FOR RELIEF

25.     By failing to provide to FOE all non-exempt records FOE has requested under FOIA, DOI is violating FOIA, 5 U.S.C. §552(a)(3).

26.     Plaintiff FOE has a right to obtain the requested records, and DOI has no lawful basis for withholding the records nor has DOI cited any basis for doing so.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that this Court:

1.     Declare that Defendant DOI is in violation of FOIA;

2.     Order Defendant DOI to immediately release to Plaintiff all non-exempt information responsive to Plaintiff's' various FOIA requests at issue in this case;

3.     Award Plaintiff its costs and attorneys' fees; and

4.     Award Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted,


__/s/_____
Katherine A. Meyer
D.C. Bar No. 244301
kmeyer@meyerglitz.com


__/s/_____
William Nicholson Lawton
D.C. Bar No. 1046604
nlawton@meyerglitz.com

Meyer Glitzenstein & Eubanks, LLP

8

4115 Wisconsin Ave. N.W., Suite 210
Washington, D.C. 20016
 (202) 588-5206
 (202) 588-5049 (fax)

Date:   November 20, 2017